# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 22-155V**
**Filed: June 30, 2026**

| | |
|---|---|
| JOHN OWEN,<br><br>Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | Special Master Horner |

*Anne Carrion Toale, Mctlaw, Sarasota, FL, for petitioner.*
*Felicia Langel, U.S. Department of Justice, Washington, DC, for respondent.*

**DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS**[1]

On March 7, 2025, petitioner moved for an award of interim attorneys' fees and costs in the amount of $96,244.00, including $80,226.50 in attorneys' fees and $16,017.50 in costs. (ECF No. 51, pp. 1-2.) For the reasons discussed below, I award petitioner interim attorneys' fees and costs in the amount requested.

## I. Procedural History

On February 15, 2022, petitioner filed this claim, under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10, *et seq.* (2012), alleging that he suffered either transverse myelitis or an undetermined central nervous system demyelinating disorder resulting from an influenza vaccination administered on September 8, 2020. (ECF No. 1, pp. 1, 8.) Respondent filed his Rule 4(c) Report on December 28, 2022, recommending against compensation. (ECF No. 21.) Thereafter, the parties

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the document will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

exchanged expert reports and petitioner filed an amended petition clarifying that he alleges his injury to be seronegative neuromyelitis optica spectrum disorder. (ECF No. 28, p. 8.) The parties then exchanged further expert reports and the case was reassigned to the undersigned in February of 2025. (ECF Nos. 46-47.) Shortly after reassignment, I issued a Rule 5 order providing the parties with preliminary guidance and petitioner filed the instant motion for interim fees and costs. (ECF No. 51.) In his response, respondent deferred to the special master as to both the appropriateness and amount of any award of attorneys' fees and costs. (ECF No. 52.) The motion is fully briefed. (ECF Nos. 51-53.) An entitlement hearing was held in June of 2026; however, the record is not yet closed.

## II. An Award of Interim Attorneys' Fees and Costs is Appropriate

Section 15(e)(1) of the Vaccine Act allows for the special master to award "reasonable attorneys' fees, and other costs." § 300aa-15(e)(1)(A)-(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act or, even if they are unsuccessful, if the special master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). In this case, good faith and reasonable basis have not been challenged, and I find that these requirements are satisfied, given the record that has been developed to date.

Additionally, the Federal Circuit has concluded that interim fee awards are permissible and appropriate under the Vaccine Act. *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372 (Fed. Cir. 2010); *Avera*, 515 F.3d at 1352. In *Avera*, the Federal Circuit stated that "[i]nterim fees are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." *Avera*, 515 F.3d at 1352. In denying an interim fee award, the *Avera* court reasoned, "The amount of fees here was not substantial; appellants had not employed any experts; and there was only a short delay in the award pending the appeal." *Id*. In *Shaw*, the Federal Circuit clarified that "where the claimant establishes that the cost of litigation has imposed an undue hardship and there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees." 609 F.3d at 1375.

In sum, awards of interim fees and costs are discretionary and are intended to avoid undue hardship. Here, given the length of time this case has been pending, the amount of fees and costs that have been incurred, and the uncertain time until resolution, I exercise my discretion to allow an interim award at this time.

## III. Reasonableness of the Requested Award

### a. Attorneys' Fees

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521-22 (Fed. Cir. 1993); *see also Hines ex rel. Sevier v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750,

753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera*, 515 F.3d at 1347. This is a two-step process. *Id*. at 1347-48. First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id*. (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id*. at 1348.

A reasonable hourly rate is "the prevailing market rate, defined as the rate prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Avera*, 515 F.3d at 1348 (citation and quotation marks omitted). The decision in *McCulloch* provides a further framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19-21 (Fed. Cl. Spec. Mstr. Sep. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sep. 21, 2015). The Office of Special Masters has subsequently updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015-2016 and later years can be accessed online.[2]

Special masters may rely on their experience within the Vaccine Program to determine the reasonable number of hours expended. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991), *aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993). Special masters have previously reduced the fees paid to petitioners due to excessive and duplicative billing. *See Ericzon v. Sec'y of Health & Human Servs.*, No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reducing the overall fee award by 10% due to excessive and duplicative billing); *Raymo v. Sec'y of Health & Human Servs.*, No. 11-654V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reducing the overall fee award for Domengeaux Wright and the Andry Law Group by 20% and 40%, respectively, due to excessive and duplicative billing), *mot. for rev. denied*, 129 Fed. Cl. 691 (2016). Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 96 Fed. Cl. 201, 209 (2009).

Here, counsel's requested hourly rates are reasonable and consistent with what has been awarded in prior cases. *Wilson v. Sec'y of Health & Human Servs*., No. 23-1142V, 2205 WL 1983850 (Fed. Cl. Spec. Mstr. June 10, 2025) (addressing Ms. Toale's rates); *Murray v. Sec'y of Health & Human Servs*., No. 22-1099V, 2024 WL 1283484 (Fed. Cl. Spec. Mstr. Feb. 20, 2024) (addressing Ms. Abramson's rates); *Elliot v. Sec' of*

[2] Each of the Fee Schedules can be accessed https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules. The hourly rates contained within the schedules are derived from the decision in *McCulloch*, 2015 WL 5634323. The schedules for 2017 and later are adjusted for inflation using the Producer Price Index for Offices of Lawyers ("PPI-OL").

*Health & Human Servs*., No. 21-512V, 2024 WL 2272271 (Fed. Cl. Spec. Mstr. Apr. 19, 2024) (addressing Ms. Strait's rates). The number of hours bills are also reasonable.

### b. Interim Attorneys' Costs

Attorneys' costs must be reasonable as well. *See Perreira v. Sec'y of Health & Human Servs*., 27 Fed. Cl. 29, 34 (1992) ("The conjunction 'and' conjoins both 'attorneys' fees' and 'other costs' and the word 'reasonable' necessarily modifies both. Not only must any request for reimbursement of attorneys' fees be reasonable, so also must any request for reimbursement of costs."). Upon my review, the requested costs are reasonable and adequately documented. In particular, petitioner's expert, Dr. Darin Okuda, billed 23.5 hours at an hourly rate of $500 per hour, a rate which has been accepted in prior cases, to produce two reports. *E.g.*, *Garris v. Sec'y of Health & Human Servs*., No. 22-1354V, 2025 WL 3677474, at *4 (Fed. Cl. Spec. Mstr. Nov. 18, 2025).

## IV. Conclusion

In light of the above, petitioner's motion for an award of interim attorneys' fees and costs is hereby **GRANTED.** Petitioner is awarded interim attorneys' fees and costs in the amount of $96,244.00, including $80,226.50 in attorneys' fees and $16,017.50 in costs.

**Accordingly, petitioner is awarded interim attorneys' fees and costs in the total amount of $96,244.00 to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.**

The clerk of the court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.